Per Curiam.

After the jury was out, the learned trial court during the trial of a subsequent case received a written request for further instructions from the jury here in question, answered it in writing and directed the clerk to show to counsel on both sides the jury’s written request and the court’s written answer thereto. Plaintiff’s counsel advised the clerk that he objected and said the answer should be “ No ” instead of “ Yes ” as the court had answered, and asked that the. jury be brought back for further instructions; but the court directed that the note be sent to the jury with his answer as written. Plaintiff’s exception to the court’s written answer is noted in the record and considered by this court on plaintiff’s appeal.
The proper practice, and it is wise and salutary, is that further instructions requested by a jury after it has retired should be given by the justice presiding to the jury in open court when counsel for both sides are present or have been afforded the opportunity of being present, unless counsel on both sides consent to written instructions or to the requested reading of the record or parts thereof by the stenographer in the jury room. Proper practice, too, would be to have direct communication between counsel and the court on a written request of this kind *574 instead of through the medium of the clerk, so that counsel may be afforded ample opportunity to make requests for further instructions on the subject of the jury’s inquiry and to obtain a ruling with respect to such requests.
In this case, however, the court’s written answer to the jury was substantially correct and in harmony with the court’s charge to which no exception or request had been made by either side, and in the light of this record and the correctness of the court’s answer, we think no prejudicial reversible error is presented. The jury’s verdict was a general one and the jury could have found that the burden of proof had not been sustained. The evidence supports the jury’s finding against plaintiff, who alone appeals, on either the question of breach or the question of damages.
The judgment appealed from should be affirmed, with costs to respondent.
Dore, J. P., Cohe, Caleahae, Vae Voorhis and Shieetag, JJ., concur.
Judgment unanimously affirmed, with costs. [See post, p. 1035.]